```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PAMELA VICKARYOUS, an individual,

    Plaintiff,

v.   Case No: 2:18-cv-315-FtM-99MRM

THE SCHOOL BOARD OF COLLIER COUNTY, a political subdivision of the State of Florida,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Verified Motion for Temporary Reinstatement Under F.S. § 112.3187(9)(f) (Doc. #15) filed on November 13, 2018. Defendant filed a Response in Opposition (Doc. #21) on January 7, 2019, and plaintiff filed a Reply (Doc. #26). For the reasons set forth below, the Motion is granted.

**I.**

This is a First Amendment and Florida whistleblower case brought by Pamela Vickaryous, who was once employed by defendant as a principal at Manatee Middle School. Plaintiff alleges that she was terminated in retaliation for engaging in statutorily-protected activity. Vickaryous' claims arise out of complaints that she made to defendant, prior to which she alleges she had a

long track record of success at the school. Pertinent here, plaintiff claims that she is entitled to temporary reinstatement pending trial, pursuant to Fla. Stat. § 112.3187(9)(f), as part of her remedies under Florida's Whistleblower Act (FWA).

**II.**

The FWA prohibits an employer from taking a retaliatory action against an employee "who reports to an appropriate agency violations of law on the part of a public employer ... that create a substantial and specific danger to the public's health, safety, or welfare." Fla. Stat. § 112.3187(2). In analyzing a retaliation claim under the FWA, Florida courts use the Title VII burden-shifting method of proof. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000). To establish a violation of the FWA, an employee must show that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there existed a causal connection between the two events. See Fla. Dept. of Children and Families v. Shapiro, 68 So. 3d 298 (Fla. 4th DCA 2011). The FWA is a remedial statute that should be liberally construed "in favor of granting access to protection from retaliatory actions." Igwe v. City of Miami, 208 So. 3d 150, 155 (Fla. 3d DCA 2016).

Section 112.3187(9)(f) of the FWA provides:

> Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of

> being discharged in retaliation for a protected
> disclosure and if a court of competent jurisdiction or
> the Florida Commission on Human Relations, as applicable
> under s. 112.31895, determines that the disclosure was
> not made in bad faith or for a wrongful purpose or
> occurred after an agency's initiation of a personnel
> action against the employee which includes documentation
> of the employee's violation of a disciplinary standard
> or performance deficiency. This paragraph does not
> apply to an employee of a municipality.[1]

Temporary reinstatement is required if a complainant demonstrates the following: "1) prior to termination the employee made a disclosure protected by the statute; 2) the employee was discharged; and 3) the disclosure was not made in bad faith or for a wrongful purpose, and did not occur after an agency's personnel action against the employee." State, Dep't of Transp. v. Fla. Comm'n on Human Relations, 842 So. 2d 253, 255 (Fla. 1st DCA 2003).

Defendant attacks plaintiff's satisfaction of the first two prongs and argues that there is no reasonable basis to infer that plaintiff's termination was because of her whistleblowing. The Court will address each of these arguments in turn.

**A. Whether Plaintiff Made a "Protected Disclosure"**

To qualify as a "protected disclosure" a complaint must meet several statutory requirements. Fla. Stat. § 112.3187(5)-(7). Defendant argues that one of these requirements - that the nature

---

[1] The Court requested supplemental briefing from the parties on whether defendant qualified as a "municipality" under the statute, and both parties responded that defendant is not a municipality. (Docs. ##25, 26.) For purposes of this Motion, the Court accepts that the School Board is not a municipality.

of the information disclosed by Vickaryous be protected – is not satisfied. Fla. Stat. § 112.3187(5).

To succeed on her Motion for Temporary Reinstatement, Vickaryous must show that she made a substantively protected disclosure. Fla. Stat. § 112.3187(9)(f). Under the statute, disclosure is only protected if it includes:

> (a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare.
>
> (b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance,[2] gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.

Fla. Stat. § 112.3187(5)(a)-(b). A complaint is protected if the complainant demonstrates a "good faith, reasonable belief that the employer engaged in unlawful employment practices. It is critical to emphasize that a plaintiff's burden has both a subjective and

---

[2] Neither malfeasance nor misfeasance is defined in the FWA, but Florida courts have construed malfeasance to mean "the doing of an act which a person ought not do at all" and misfeasance to mean "the improper doing of an act which a person might lawfully do." Rosa v. Dep't of Children & Families, 915 So. 2d 210, 212 (Fla. 1st DCA 2005) (citing Irven v. Dep't of Health & Human Servs., 790 So. 2d 403, 405 (Fla. 2001)). Gross mismanagement is defined in the statute as "a continuous pattern of managerial abuses, wrongful or arbitrary and capricious actions, or fraudulent or criminal conduct which may have a substantial economic impact." Fla. Stat. § 112.3187(3)(e).

objective component." Little v. United Technologies, Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997).

On or about December 15, 2017, plaintiff learned from a parent that a school bus driver had been trying to initiate a sexual relationship with one of plaintiff's eleven-year old female middle school students and that the bus driver had been sending inappropriate text messages to the girl. (Doc. #1, ¶ 36.) Plaintiff immediately contacted the Collier County Sheriff's Office (CCSO) and reported what she had learned, in addition to reporting the same in writing to defendant's administration. (Id., ¶ 37; Doc. #15-4, CCSO incident report.) At CCSO's request, Vickaryous participated in their investigation. (Id., ¶ 38.) Plaintiff alleges that defendant was "displeased that Vickaryous opted to exercise her free speech rights by contacting CCSO rather than keeping the matter 'in house.'" (Id., ¶ 40.) Plaintiff alleges that she was terminated four months later after defendant conducted an investigation into her conduct.

Defendant argues that because plaintiff was merely fulfilling her duties as a principal when making the report, the disclosure is not afforded protection under the FWA. Yet Florida courts have held the opposite. In Igwe v. City of Miami, the City of Miami similarly argued that the FWA does not protect those who make disclosures as part of their job description. 208 So. 3d at 155. The court disagreed for several reasons, noting that one of the

FWA's purposes is to prevent employers from taking retaliatory action against "any person", which "clearly encompasses those who make disclosures because it is their job to do so, and those who make disclosures even though they have no employment obligation to do so." Id. The court also noted that the FWA is a remedial statute that should be liberally construed. Id. See also Rustowicz v. North Broward Hosp. Dist., 174 So. 3d 414 (Fla. 4th DCA 2015). Thus, defendant's argument that plaintiff's reports should not be afforded protection under the FWA because such reports were within her job duties does not carry the day.

Defendant otherwise does not take issue with whether plaintiff has satisfied the substantive provisions of the statute with respect to the bus driver incident, and the Court finds that plaintiff has at least made an initial showing that she made a disclosure substantively protected under the FWA.[3] Specifically, plaintiff disclosed information that concerned a "suspected violation of any federal, state, or local law, rule, or regulation [the criminal sexual offenses] committed by an employee or agent of an agency or independent contractor [the bus driver] which creates and presents a substantial and specific danger to the public's [minor public school children] health, safety, or

---

[3] The Court's findings in this Opinion and Order are only for purposes of temporary reinstatement, and the Court makes no determination at this time as to whether plaintiff has proven her whistleblower claim.

welfare."[4] Fla. Stat. § 112.3187(5)(b). There is no evidence that plaintiff made the disclosures in bad faith or for a wrongful purpose that would preclude temporary reinstatement. Fla. Stat. § 112.3187(9)(f).

### B. Whether Plaintiff was Discharged Within the Meaning of the FWA

Defendant next argues that plaintiff is not entitled to reinstatement because she was not "discharged". Instead, her annual contract (Doc. #21-2) simply expired on June 30, 2018, and defendant elected not to renew it in April 2018 (Doc. #15-8). Defendant points out that the school year was over, so plaintiff's contract could end by its express terms. Plaintiff responds that although defendant called it non-renewal, it was anything but and was motivated by defendant's desire to retaliate against her.

In support of its argument, defendant relies on Pritz v. Sch. Bd. of Hernando Cnty., --- So. 3d ---, 2018 WL 625440 (Fla. 5th DCA Nov. 30, 2018). However, in Pritz, at the end of the school year the superintendent notified plaintiff that he could remain in

---

[4] The second incident that defendant alleges would not qualify as a protected disclosure is plaintiff's complaints regarding defendant's failure to assign a full-time youth relations deputy to Manatee Middle School. Plaintiff argues that defendant's conduct in this regard qualifies as "gross neglect of duty" by defendant under Fla. Stat. § 112.3187(5)(b). Because the Court has determined that plaintiff has made an initial showing that she made a disclosure substantively protected under the FWA with the bus driver incident, the Court need not consider the second incident.

his position, but at a substantially reduced salary. Id. at * 1. Pritz declined to agree to the salary reduction, and after doing so the superintendent notified him that he would not be recommended for reappointment within the school district for the following school year. Id. The court found on those facts that Pritz had failed to show that he had been "discharged" – a requirement to obtain temporary reinstatement under section 112.3187(9)(f). Id. at *2. The Pritz case is not analogous to this case because here Vickaryous was not offered a salary reduction, demoted, or even offered another position with the school district.

Here, Vickaryous' temporary reinstatement depends on whether the undefined term "discharged", as used in subsection (9)(f), includes the nonrenewal of her contract in retaliation for a protected disclosure. The Court finds that it does. There is no doubt that plaintiff was involuntarily separated from employment. Plaintiff alleges that her contract was not renewed on April 17, 2018 (Doc. #15-8), shortly after she had engaged in statutorily-protected activity. Plaintiff further alleges that at no time prior to engaging in statutorily protected conduct did defendant ever inform her that there were any allegations of wrongdoing against her.

### C. Causation

Finally, defendant argues that the decision not to renew plaintiff's contract fails to establish causation for two reasons.

First, the non-renewal decision was too remote in time to be attributable to retaliation. And second, the decision "was predicated upon grounds other than, and would have been taken absent" her so-called whistleblowing, citing Fla. Stat. § 112.3187(10).

The causal link element under the burden-shifting proof standards for retaliatory discharge under the FWA requires plaintiff to prove the protected activity and discharge were not wholly unrelated. Florida Dept. of Children and Families v. Shapiro, 68 So. 3d 298, 306 (Fla. 4th DCA 2011) (quoting Brungart v. BellSouth Telecomms, Inc., 231 F.3d 791, 799 (11th Cir. 2000)). "Close temporal proximity between the protected activity and the adverse employment action can show that the two events were not wholly unrelated." Id. (citation omitted). "If there is a substantial delay between the two events, the plaintiff must present other evidence tending to show causation." Id. (citation omitted). Causation may be proved by direct or circumstantial evidence. Rustowicz, 174 So. 3d at 425.

Defendant's second argument raises an affirmative defense provided for in the statute at Fla. Stat. § 112.3187(10), which states that "[i]t shall be an affirmative defense to any action brought pursuant to this section that the adverse action was predicated upon grounds other than, and would have been taken

absent, the employee's or person's exercise of rights protected by this statute."

The Court notes that at this stage it need not determine whether plaintiff can make a prima facie case of retaliation under the FWA, nor whether defendant will succeed on its affirmative defenses. Plaintiff has at least stated a prima facie case at this stage (to which defendant has answered) (Doc. #12) and has plausibly alleged that defendant decided not to renew her contract because of her statutorily-protected disclosures.[5] Defendant cites no authority for the proposition that the Court must determine whether the plaintiff has established causation before she may be entitled to temporary reinstatement under the FWA.[6]

---

[5] Notably, Florida Courts have held that the requirements of the rule governing the issuance of injunctions do not apply to a school board employee's motion for temporary reinstatement following nonrenewal of her position in a suit under the FWA. Marchetti v. School Bd. of Broward Cnty., 117 So. 3d 811 (Fla. 4th DCA 2013). In Marchetti, the court noted that "to require the elevated level of proof necessary for injunctive relief would undermine the purpose of temporary reinstatement, which is to keep a whistleblower on the job during the pendency of the lawsuit unless the statutory requirements for termination are met." Id. at 813.

[6] One final point bears noting. In outlining the timeline in support of its causation argument, defendant summarily states that the alleged bus driver incident occurred two days after the School Board's initiation of a personnel action against plaintiff. (Doc. #21, p. 10.) However, defendant does not argue that this fact would preclude plaintiff from seeking temporary reinstatement under the plain language of subsection (9)(f), which states that temporary reinstatement is not appropriate if the disclosure was made "after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency."

Although defendant will present a defense that the reason for the nonrenewal was because of plaintiff's deficient performance, the motivation for nonrenewal is still a disputed issue in the case that the Court need not resolve for temporary reinstatement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Verified Motion for Temporary Reinstatement Under F.S. § 112.3187(9)(f) (Doc. #15) is **GRANTED.**

2. Pursuant to Fla. Stat. § 112.3187(9)(f), defendant is ordered to temporarily reinstate plaintiff to her former position or to an equivalent position, pending the final outcome of this case.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of February, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

In any event, it is unclear from the evidence before the Court if and when defendant took any action(s) against plaintiff that would fit within the statutory exclusion to temporary reinstatement. See Doc. #21-1, Affidavit of Valerie Wenrich, Defendant's Executive Director of Human Resources, ¶¶ 7, 12.